UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V. CRIMINAL NO. 3:25-CR-00044-GHD-RP

DAVID RHYJIEM WHITE
SARTAJ DUSANJH
AMNINDER ATHWAL DEFENDANTS

OPINION

Presently before the Court is Defendant David White's motion for speedy trial [Doc. No. 20]. Upon due consideration, and for the reasons stated herein, the Court finds the motion should be denied under the circumstances. The Defendant may, however, file a motion for severance, which the Government has indicated it will not oppose.

The Defendant White, along with his two co-defendants, was indicted [1] on March 4, 2025, in a two-count Indictment for conspiring to make false statements related to the purchase of firearms and to transfer firearms to out-of-state residents, and for making false statements during the purchase of a firearm in violation of 18 U.S.C. § 371 and § 924(a)(1)(A). White made his initial appearance in this Court on March 20, 2025, and was released on bond [6, 7, 8, 12]. White's co-defendants, who are non-United States citizens, have yet to appear, although the Government asserts extradition remains under process [27, at p. 2, fn 1].

White was arrested and his pretrial release was revoked on August 19, 2026, for violating the conditions of his pretrial release [14, 16, 25]. He was ordered to be detained and remains in custody [25]. He filed the present motion on the date he was ordered to be detained.

For the reasons set forth below, the Court holds that White's motion should be denied.

## I. Standard of Review

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), states that, absent excludable periods

of time, a criminal defendant's trial shall commence within seventy days from the filing of the indictment or the defendant's initial appearance, whichever is later. In multi-defendant prosecutions, however, the speedy trial clock does not begin to run "until the last codefendant makes his initial appearance in court." *United States v. Harris*, 566 F.3d 422, 428 (5th Cir. 2009). In addition, the Speedy Trial Act provides an exception to the running of the speedy trial computation for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

**II. Analysis**

In this case, the speedy trial clock has not begun to run because White's co-defendants have not been served with the Indictment and have not appeared in this Court. See *Harris*, 566 F.3d at 428. Further, even if the speedy trial clock had commenced, the above-noted statutory exception provides for a "reasonable" period of delay because the time for trial has not run as to White's co-defendants and no motion for severance has been granted. 18 U.S.C. § 3161(h)(6).

The Fifth Circuit has held that reasonableness in this circumstance is measured by referring to either "the totality of circumstances prior to trial" or "the actual prejudice" suffered by the moving defendant as a result of the delay. *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007). Relevant considerations as to whether actual prejudice has occurred include "whether the delay impaired the [defendant's] ability to defend himself or resulted in excessive pretrial incarceration." *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998).

White was indicted on March 4, 2025, and has been incarcerated since his bond was

revoked on August 13, 2026. Given the relatively short period of incarceration to date (six weeks or approximately 50 days), the Court finds he has not been subjected to excessive pretrial incarceration. *Franklin*, 148 F.3d at 456-58 (holding that 215-day pretrial incarceration in conspiracy case was not unreasonable given that defendant did not seek severance). As for the time that has passed since White was indicted (18 months), both the Fifth Circuit and other federal courts have held that this delay is too short to presume prejudice. See, e.g., *United States v. Hernandez*, 457 F.3d 416, 420 (5th Cir. 2006) (fourteen-month delay held to be "far too short to weigh in favor of presuming prejudice"); *United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003) (holding "this Court and others generally have found presumed prejudice only in cases in which the post-indictment delay lasted at least five years"). Given the Defendant's short period of incarceration to date and the fact the post-indictment delay is too short to presume prejudice, the Court finds the period of delay, to date, is reasonable. The Defendant's present motion shall therefore be denied.

The Court does note, however, that the Government stated in its response to the present motion that it "does not oppose a severance of Defendant White under the totality of the circumstances." [27, at p. 4.] Rule 14 of the Federal Rules of Criminal Procedure provides the Defendant with the means to move the Court for a severance, should he choose to avail himself of that potential avenue for seeking relief.

## III. Conclusion

For these reasons the Court finds that the speedy trial clock has not commenced to run in this case and, even if the speedy trial clock had commenced, the period of delay has been reasonable. The Court further notes the Defendant has not moved the Court for a severance even though the Government has indicated it would not oppose such a motion. Accordingly,

the Defendant's present motion shall be denied.

An order in accordance with this opinion shall issue this day.

This, the 1st day of October, 2026.

SENIOR U.S. DISTRICT JUDGE